# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

FRANCESCA MORMANNI

V.  Case No. _____

JOSE E FOSSAS MARXUACH, D.M.D.    SEPTEMBER 18, 2023

### A. PARTIES

Plaintiff: Francesca F. Mormanni is a citizen of Connecticut who presently resides at 896 Cedar Road, Southport, CT 06890.

Jose E. Fossas Marxuach is a citizen of Puerto Rico who practices at Ave. Augustin Perez Andino B-29, Villas de Rio Grande, Rio Grande, PR 00745, Tel.: 787-888-1435.

### B. JURISDICTION

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. Section 1332: Diversity of Citizenship.

### C. NATURE OF THE CASE

The plaintiff consulted the defendant for a "canted smile." A panorex (panoramic x-ray) of the plaintiffs dentition was performed and revealed a skeletal canted smile. Despite the fact that a skeletal canted smile cannot be adequately addressed with aligners, the defendant proposed that the plaintiff's canted smile be treated with aligners (alignment trays) only. On October 6, 2021, the defendant placed attachments on the plaintiff's teeth and inserted the first alignment tray. By May 19, 2022, the canted smile was minimally corrected but now the plaintiff's occlusion was off. The defendant proposed additional treatments, but the plaintiff refused, having been advised that additional work was probably going to cause additional problems, which would then have to be corrected.

### D. CAUSES OF ACTION

I allege that the following of my constitutional rights, privileges, or immunities, or my rights under a federal or Connecticut statute have been violated and that the following facts form the basis of my allegation:

1. The plaintiff originally consulted the defendant on August 4, 2021 for a canted (aymmnetric) smile.

2. The defendant performed tests including, but not limited to an intraoral scan and a panorex (panoramic x-ray) of the plaintiff's dentition, which revealed a Class II skeletal occlusion, which is documented in the medical record, and a skeletal occlusal cant, which is visible on the panorex but not documented in the medical record..

3. The standard of care for a skeletal occlusal cant is orthognathic surgery with or without orthodontic camouflage.

4. Orthognathic surgery involves single or double jaw surgery.

5. Orthodontic camouflage involves arch intrusion or extrusion and the use of skeletal anchorage.

6. Aligner trays are generally recognized as inadequate and ineffective when used alone.

7. Despite this knowledge, the defendant stated that he could treat the plaintiff's skeletal occlusal cant with aligners only for the sum of $3995.00.

8. On September 8, 2021, the defendant obtained approval for aligners.

9. On October 6, 2021, the defendant placed attachments on the defendant's teeth and inserted the first alignment tray.

10. The defendant saw the plaintiff in follow-up on October 20, 2021, November 17, 2021, and January 12, 2022 and notes for these visits indicate "all good"

11. The Plaintiff saw a Dr. Mier in follow up on March 30 and April 29 of 2022 with complaints of malocclusion, right temporo-mandibular joint syndrome, a lisp and headaches.

12. Dr. Mier gave the plaintiff a new retainer/aligner to wear only at night and suggested right facial botox injections and charged an additional $125.00 for the new retainer.

13. The plaintiff subsequently noted minimal improvement of all symptoms listed in paragraph 11.

14. The defendant saw the plaintiff in follow-up on May 19, 2022, at which time the skeletal occlusal canted was minimally corrected but the plaintiff's occlusion was still abnormal.

15. The defendant suggested additional treatment to address the malocclusion, which did not resolve the malocclusion, which included aligners and retainers, and gave the plaintiff a new retainer.

16. The plaintiff last saw the defendant on June 16, 2022, at which time the previously described problems had not resolved. The defendant gave the plaintiff new aligner trays.

17. The plaintiff consulted another dental professional by telephone in Connecticut who advised the plaintiff to terminate her relationship with the defendant.

## COUNT ONE FOR FRAUD

18. Paragraphs 1 through 17 are repeated and re-alleged as though set forth in detail below.

19. The defendant claimed that he could correct a skeletal occlusal cant using only aligner trays.

20. The defendant, as a fully trained orthodontist, knew, or should have known that a skeletal occlusal cant could not be corrected using aligners alone.

21. The plaintiff, in reliance upon the the defendant's false claim that a skeletal occlusal cant could be corrected using only aligner trays, contracted with the defendant to correct her skeletal canted smile using aligner trays for the sum of $3995.00

22. The plaintiff is left with a smile that is still canted and a malocclusion that is extremely likely to cause problems for years in the future, even if corrected.

23. The plaintiff seeks damages in the amount of $4120.00 and treble punitive damages in the amount of $12,360.00 pursuant to applicable Puerto Rico Laws.

## COUNT TWO FOR BREACH OF CONTRACT

24. Paragraphs 1 through 23 herein above are repeated and re-alleged as though set forth in detail below.

25. The plaintiff first requested a copy of her dental records on May 6, 2022.

26. Having received no response, the plaintiff attempted to obtain her dental records on May 11, May 19, May 26, June 2, June 6 , all of 2022.

27. The defendant provided the plaintiff's dental record on June 16, 2022

28. The defendant failed to correct the plaintiff's skeletal occlusal cant and iatrogenic malocclusion.

29. Instead, the defendant left the plaintiff with a slight lisp and lingering intermittent minimal right temporo-mandibular joint pain, headaches and potential future as yet to be manifested future dental problems.

## E. REQUEST FOR RELIEF

WHEREFORE, the plaintiff demands:

For Count One: A judgment in favor of the plaintiff for compensatory damages of $4120.00 and treble/punitive damages of $12,360.00 for fraud pursuant to applicable Puerto Rico Law.

For Count Two: A judgment in favor of the plaintiff for $20,000.00 corresponding to the cost of mitigating the iatrogenic malocclusion, lisp, headaches and temporo-mandibular joint syndrome that resulted from the defendants actions and to cover all unanticipated future expenditures that are the consequences of the defendant's actions.

## F. JURY DEMAND

The Plaintiff desires a jury trial.

_(signature)_
Francesca F. Mormanni
896 Cedar Road
Southport, CT 06890
917-597-1422

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that she is a plaintiff in the above captioned action, that she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. Section 1746, 18 U.S.C. Section 1621.

Executed at Southport, CT on September 15, 2023

_(signature)_
Francesca F. Mormanni